## Kondraskas Estate

*John L. McDonald*, for petitioner.

*Charles L. Casper*, for respondent.

BRADY, P. J. (specially presiding), May 5, 1951.— The matter before the court arises on a petition filed by Francis J. Pilvalis and citation issued thereon, directed against Rev. John Kundreskas, executor of the estate

of Eva Kondraskas (or Kondraski), deceased, to show cause why he should not file an account of his administration.

The executor filed answer pleading laches on the part of petitioner and that the records of payments and receipts thereof had disappeared. From the pleadings and evidence presented on the hearing the following facts and conclusions are found.

Eva Kondraskas died testate on September 24, 1935. The petition to compel an accounting was filed February 26, 1951. No reason nor explanation for the delay or lapse of time intervening was alleged, nor sufficient reason or explanation for delay presented on the hearing. The petition merely set forth that no account had been filed although demand had been made. The will of testatrix dated May 17, 1935, was duly probated May 15, 1936, and letters testamentary granted to the executor named therein, respondent in the present proceedings. The probated will was in form a joint and mutual will of both testatrix and her husband, John Kondraskas. The husband survived testatrix, dying in 1939.

Petitioner, Francis J. Pilvalis, is a grandson of testatrix, being a child of Bertha Kondraskas Pilvalis, who died intestate on August 10, 1942, leaving to survive her husband and five children.

Under the provisions of the will of testatrix, no legacy nor devise was given to petitioner in the event his mother survived testatrix and/or grandfather of petitioner. Petitioner's mother together with seven other children and surviving spouse of testatrix were bequeathed by the will cash legacies payable out of any moneys on deposit in the name of either or both joint testators in any bank or banks or trust companies on the predecease of either spouse.

A gross estate in value of $2,926, representing a bank account, and a net estate of $2,318, with allow-

able deductions of $618, were declared in the appraisement of the estate for inheritance tax filed July 15, 1936. The tax on the estate as appraised was paid by the executor on July 30, 1935.

Records of the estate covering debt payments, receipts and/or canceled checks of the executor to the legatees were lost sometime in 1938 through the occurrence of fire.

No reasonable explanation for the long delay of 15 years before demand by petitioner or his ancestor for an account by the executor was alleged or presented. In the absence of any explanation of the unreasonable lapse of time, there arises a conclusion of unwarrantable negligence or laches on the part of petitioner. Further, in absence of an explanation for the unreasonable lapse of time, it will be presumed that there has been a family settlement dispensing with an account. In fact a family settlement dispensing with an account was evidenced by the credible testimony of the executor, Rev. John Kundreskas.

The loss of the executor's records caused by fire in 1938 is one reason for the present unmerited embarrassment of the executor and an apparent reason for the importunity of petitioner in demanding an account.

As to whether petitioner upon the facts averred or evidence presented has a prima facie interest or right as one of several heirs of a deceased legatee to compel an accounting was not pressed and section 46 (*a*) of the Act of June 7, 1917, P. L. 447, merely cited in the brief of petitioner's counsel. But ruling on such issue is not necessary since the questionable right of petitioner to an accounting is precluded by laches and the further presumption, not rebutted, of a family settlement dispensing with an account.

In accordance with the above findings and conclusions it is ordered and decreed that the petition be dismissed, costs on petitioners.